**SIGNED THIS: January 26, 2010**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DANIEL BASFIELD and ) | |
| DELOIS BASFIELD, ) | No. 05-80780 |
| ) | |
| Debtors. ) | |

## O P I N I O N

This matter came before the Court for a final evidentiary hearing on the Motion for Relief from the Automatic Stay filed by LaSalle National Bank (BANK) as holder of the first and only mortgage on the residential real estate owned by the Debtors, Daniel and DeLois Basfield (DEBTORS).

The motion, filed August 12, 2009, alleges that the DEBTORS were in arrears on their post-petition mortgage payments in the amount of $13,334.24 through August 31, 2009 (approximately 8 payments of $1,583.60 each).

The DEBTORS take the position that not only are they not in arrears on the payments, they are actually paid ahead. The only witness at trial, Daniel Basfield,

conceded that all post-petition mortgage payments have not been tendered on a timely basis. He testified, however, that all defaults have been cured with payments received and negotiated by the BANK except for a few recent payments which were tendered but refused.

Daniel prepared a summary of payments purporting to show that $79,704 in mortgage payments have been paid since the Chapter 13 case was filed on February 24, 2005. That exhibit was admitted into evidence. The issue is muddied, however, by an unresolved dispute over whether the monthly payment amount increased during the case and, if so, when and to what amount.

No evidence was offered by the BANK. It called no witnesses and presented no documentary evidence. The BANK'S attorney did cross-examine Daniel but failed to elicit any material admissions. In effect, the BANK chose to stand on its pleading, relying on Section 362(g)(2), which places the burden of proof on the DEBTORS. The BANK contends, despite the absence of affirmative evidence, that the DEBTORS have the burden to prove that they are not in default and that they failed to carry that burden.

At a stay relief hearing under Section 362(g), the movant has the burden to prove lack of equity in property while the party opposing the relief has the burden of proof on all other issues. 11 U.S.C. § 362(g). The moving party, however, must first establish its *prima facie* case for relief from the automatic stay, failure of which is grounds for denial of the motion. *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2nd Cir. 1990); *In re Shultz*, 2006 WL 1407466 (6th Cir.BAP 2006); *In re Tribune Co.*, 418 B.R. 116, 127 (Bankr.D.Del. 2009). Establishment of a *prima facie* case requires the movant to demonstrate an adequate factual

2

basis for relief from the stay. *In re White,* 409 B.R. 491, 494-95 (Bankr.N.D.Ind. 2009); *In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr.S.D.N.Y. 1994).

In the context of post-confirmation payment defaults, the issue here, a moving creditor often satisfies its initial burden by specifically identifying in its motion the monthly payments that were not received. The BANK'S motion, however, does not identify the specific months where a payment was not made. The motion contains only the general allegation that some (unspecified) post-petition mortgage payments are in default and states the aggregate amount of the alleged arrearage.

Often, a debtor will admit to a payment default, either in a responsive pleading or in testimony at an evidentiary hearing. Such an admission, if made, would ordinarily satisfy the movant's initial burden to demonstrate an adequate factual basis for stay relief. No admission was made by the DEBTORS, either in their pleadings or in Daniel's testimony.

Thus the only part of the record that the BANK could argue satisfied its obligation to make a *prima facie* showing of a factual basis for stay relief is the allegation in its motion of the amount of the payment arrearage as of August 31, 2009. The pre-trial exchange of information between the parties, however, refuted the accuracy of that allegation, leading the BANK to admit at the final hearing that the arrearage amount alleged in its motion was not correct. Instead of presenting evidence of the correct arrearage amount, the BANK simply contended that there was an uncured payment arrearage of some unspecified and unproven amount. The BANK suggested that the Court could nevertheless make a factual finding that the payments were in default, even if the evidence was absent that might allow a determination of the amount of the arrearage as of August, 2009, and thereafter.

In this Court's view, however, this matter is properly disposed of on the grounds that the BANK failed to make a *prima facie* showing of an adequate factual basis for the relief requested. With no admission by the DEBTORS and no affirmative evidence by the BANK at trial, given the BANK'S concession that the factual allegations in its motion were not accurate, the record before the Court is devoid of the necessary factual basis to support the relief requested by the BANK. The motion will be denied.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###